(9 Misc. Rep. 640.)

WOOD v. TAYLOR.

(Superior Court of New York City, Special Term.   September 27, 1894.)

1 DEED—CONSTRUCTION—"HEIRS."
   In a deed to one for life, and at his death to "his own lawful heirs,
   * * * but in case of his death without lawful issue," etc., the word
   "heirs" means "heirs of the body."

2. SAME—HABENDUM—VOID LIMITATION.
   Where the premises purport to convey an estate in fee, but the habendum
   is to the grantee for "his natural life only, and at his decease then to go
   to his own lawful heirs," and the grantee had no issue when the deed was
   delivered, the limitation in the habendum is void, and the grantee takes
   the fee simple.

Action by William S. Wood against Walter W. Taylor for the
specific performance of a contract for the purchase by defendant
from plaintiff of certain real estate.   Defendant pleaded defective
title, and plaintiff demurred to the answer.   Demurrer sustained.

The action is for the specific performance of a contract for the purchase of
real estate by the defendant from plaintiff, and the question involved is wheth-
er the plaintiff had a good and marketable title.   The facts as to the title are
set up in the answer demurred to, and are briefly as follows: The plaintiff de-
rived whatever title he had to said premises from his father, James Wood,
who conveyed the same to him by a full covenant warranty deed, a copy of
which is set forth in the answer.   The habendum clause is as follows: "To
have and to hold the above granted, bargained, and described premises, with
the appurtenances, unto the said party of the second part, for and during
the term of his natural life only, and at his decease then to go to his own law-
ful heirs, to and for their own proper use, benefit, and behoof, forever; but, in
case of his death without lawful issue, then said property conveyed is to revert
back to said party of the first part, his heirs and assigns."   The plaintiff con-
veyed said premises back to his father by a deed absolute on its face, and
making no reference whatever to the life estate.   Plaintiff's father died seised
of whatever title became vested in him by said deed, leaving a will by which
he devised his residuary estate, including said premises, to be equally divided
between the plaintiff and his widow, Elizabeth Wood.   The parties parti-
tioned between themselves, and Elizabeth Wood conveyed the premises to the
plaintiff by a full covenant warranty deed.   The plaintiff is married, and
never had any children or any brothers or sisters, except such brothers or sis-
ters as are long since deceased, and who died without leaving any descendants,
and his mother is dead.   When James Wood died, William G. Wood was his
only heir at law, and the heirs at law of the plaintiff were a large number of
cousins, children of deceased brothers and sisters.

Jas. C. De La Mare, for plaintiff.
Arthur W. Birkins, for defendant.

McADAM, J.   James Wood, in 1872, conveyed the premises in
question to his son, William G. Wood, and to his heirs and assigns,
forever, by a warranty deed in the usual form, purporting in the
premises or granting clause to convey the entire fee, but with an
habendum clause reading as follows:

"To have and to hold the above granted, bargained, and described premises
with the appurtenances, unto the said party of the second part, for and during
the term of his natural life only, and at his decease then to go to his own law-
ful heirs, to and for their own proper use, benefit, and behoof, forever; but,
in case of his death without lawful issue, then the said property conveyed shall
revert back to said party of the first part, his heirs and assigns, forever."

The plaintiff, the grantee, afterwards, in 1883, by a quitclaim deed, conveyed the same premises back to his father, the grantor. His father died after that, leaving a will by which he devised all his real estate to the plaintiff and Elizabeth Wood, the plaintiff's mother, to be equally divided between them; and then Elizabeth Wood conveyed to the plaintiff all her interest in the property in question, and has since died. The plaintiff has a wife, but has never had any children. Assuming to be the owner of the land in fee simple, he made an agreement with the defendant to sell it to him; and the defendant now refuses to take title, on the ground that, as he claims, the plaintiff has only a life estate in the premises, and that, in case of his death, leaving a child or children, the title would vest in them, or that there is now a vested remainder in the heirs at law of the plaintiff. In this he is mistaken. It is clear from the language of the habendum clause, particularly taken in connection with the premises or granting clause, that by the words "his own lawful heirs" the grantor meant children of the grantee, the grantee's own lawful children. In no other way can the different parts of the habendum be reconciled or made consistent. He clearly desired and intended to say that his son should have the land during his life, and then at his death that it should go to the son's children, if he had any, but, if he had none, then that it should come back to himself (the grantor); and he evidently supposed that the words he used were appropriate words to accomplish that purpose. It is no uncommon thing for such blunders to be made, nor for courts to construe the word "heir" to mean "child," and to so read a deed or will. Scott v. Guernsey, 48 N. Y. 106, 107, 122; Heath v. Hewitt, 127 N. Y. 166, 27 N. E. 959. The deed, or rather the habendum clause, then, if it is to have any effect, should be read as giving the land to the plaintiff for and during the term of his natural life, and then at his death to go to his children, if he has any, and, if not, then to revert to the grantor. So construing the deed, and assuming that the habendum qualifies and describes the estate granted in this case, if the plaintiff, at the time of the delivery of the deed, had had a child living, the child would then have been vested with an estate in remainder in fee, as there would then have been a person in being who would have been entitled to immediate possession on the termination of the intermediate estate; that is, if his father had then died. 1 Rev. St. p. 723, § 13. This is assuming that the estate of the plaintiff was only a life estate. But as the plaintiff had no child or children at the time of the delivery of the deed, and holding, as we must, that the word "heirs," in the habendum clause, should be read "child "or "children" or "heirs of the body," it is not clear that the limitation in the habendum has any validity. Where, as in this case, the grantor, by the principal or granting clause, called the "premises," conveys or uses words purporting to convey his entire estate, there must be some person in being in whom, on the delivery of the deed, the entire estate vests. The fee cannot be in abeyance. Billings v. Baker, 28 Barb. 367. It cannot swing in abeyance to await the coming of some one into being, in whom the title may vest. Henderson v. Henderson, 113

N. Y. 2, 20 N. E. 814.   A conveyance to a grantee and his heirs gives to the grantee a fee.   But a conveyance may be to a grantee for life, and the remainder to his heirs, and be good as a conveyance of a remainder to the heirs, if at the time of the delivery of the deed there are then persons in being who, if the grantee should die, would be his heirs.   Such was the case of Moore v. Littel, 41 N. Y. 66.   In such a case, there being a person in being at the time of the delivery of the deed who would take and be entitled to immediate possession of the life estate, the grantee, under our statutes, since the abrogation of the rule in Shelley's Case, would take but a life estate.   Sheridan v. House, 43 N. Y. 569.   In this case the remainder, by the terms of the habendum, is limited to the issue, the children or heirs of the body of the grantee; and at the time of the delivery of the deed there were none such, nor have there ever been any. There was no person in whom the remainder vested or could vest, and, as the fee must always be in some one, the fee either vested in the grantee, or it never passed out of the grantor.   The deed in this case, if the habendum is to have effect, instead of being a conveyance to the grantee and his heirs, which would have given him a fee, is a conveyance to the grantee for life, and at his death to certain designated heirs, or rather heirs of his body, which, prior to the statute abolishing entails, would have created an estate tail, but which now, by our statutes, is converted into a fee simple.   1 Rev. St. p. 722, § 3.   By that statute the fee, in such a case, is not vested in the grantee or first taker, but in the tenant in tail,—the one who takes after the determination of the life estate.   Wendell v. Crandall, 1 N. Y. 491; Jenkins v. Fahey, 73 N. Y. 364; Barber v. Cary, 11 N. Y. 397; Van Rensselaer v. Poucher, 5 Denio, 35.   But that is only in cases where a valid remainder is limited on the intermediate estate.   Where it is not, the grantee of the life estate takes the fee.   1 Rev. St. p. 722, § 3.   In this case there was no child of the grantee in existence when the deed was delivered, and no valid remainder was limited on the estate granted; and certainly, if the limitation in the habendum is void, then by the terms of the deed, as expressed in the granting clause, the grantor conveyed his entire estate to the grantee.   There are two reasons for so considering and holding it void:   One is that by the premises or granting clause in the deed the grantor conveys, or uses language appropriate to convey, the entire fee; and the other is that there was no person in being in whom the remainder could vest at the time of the delivery of the deed.

Ordinarily, if there is an irreconcilable inconsistency between the premises or granting clause in a deed and the habendum (which is not essential to the validity of a deed) the habendum must yield. Greenl. Cruise, tit. 32, p. 273, §§ 75, 76; 2 Washb. Real Prop. (2d Ed.) 691 (644), § 63; Mott v. Richtmyer, 57 N. Y. 49, 63.   Such appears to be this case.   By the premises or granting clause in the deed, it is a conveyance in fee simple to the grantee, his heirs and assigns, forever.   If, by the premises or granting clause, the conveyance had been to the grantee and his heirs, and in the habendum it had been limited to the grantee for life, and at his death to the heirs of his body, as it is, it would have been what, prior to the abolition of en-

tails, was an estate tail. The habendum, in that case, would but have described the particular heirs before mentioned in the granting clause; and the premises and the habendum might thus be reconciled, and the deed held good as a conveyance to the first taker for life, and of the remainder to the designated heirs. Mott v. Richtmyer, 57 N. Y. 63; Tyler v. Moore, 42 Pa. St. 386. But that could be so, under our statutes, only in case the grantee had such heir of his body at the time of the delivery of the deed. It was different under the common law before the abolition of entails, when the grantee or first taker had or might have a fee called a determinable fee.

The difficulty in this case lies in the fact that the grantee had no child or heirs of his body at the time of the delivery of the deed, in whom the fee could vest; and, as the premises or granting clause cannot be entirely disregarded, the only way to give effect to the deed is to hold the habendum clause void. It is then a conveyance of the entire fee to this plaintiff, the grantee, who got thereby a complete title, and who, by a conveyance to his father, and by the devise and subsequent conveyance to him before mentioned, became reinvested with the title, and when the contract with the defendant was made he had a good title in fee simple. That being the case, the defendant has no legal excuse for refusing to take title. If these views are correct, there is no occasion for considering the other questions.

There was no suspension of the power of alienation beyond two lives in being. If there was any suspension at all, it was only for the life of one person, the plaintiff. But if there had been, and the deed had been void for that reason, the subsequent devise and deed would have given him a complete title, freed from all the other objections based upon the first deed. The provision in the habendum for a reversion to the grantor in case of the failure of issue of the grantee is void, if the limitation over to the possible heirs of the body of the grantee is void, or if by the premises or granting clause the grantor conveyed, as the deed purports to, the entire fee. A reversion is the residue of an estate left to the grantor or his heirs, commencing in possession on the determination of a particular estate granted or devised (1 Rev. St. p. 723, § 12), and it necessarily assumes that the grantor has not parted with his entire estate (4 Kent, Comm. 353). As the grantor in this case parted with his entire estate, of course there could be no reversion.

The conclusions are that by the words in the habendum, "his own lawful heirs," the grantor meant "the grantee's own lawful children," and that, taken in connection with the rest of the habendum, they will bear no other construction, and must be so read; also, that as there was no person in being at the time of the delivery of the deed, answering to the description of "his lawful issue," who would have been entitled to immediate possession in case the grantee had then died, the limitation over to the grantor's lawful issue is void; that the habendum is repugnant to and irreconcilably inconsistent with the premises or grant of the fee to the grantee, and that by the premises or granting clause in the deed the conveyance to the plaintiff was of the entire fee, and consequently that the plaintiff is entitled to judgment on the demurrer.